**LITE DEPALMA GREENBERG, LLC**
Joseph J. DePalma
Susana Cruz Hodge
570 Broad Street, Suite 1201
Newark, New Jersey 07102
Tel: 973-623-3000
Fax: 973-623-0858
Email: jdepalma@litedepalma.com
      scruzhodge@litedepalma.com

*Attorneys for Plaintiff*
[Additional counsel on signature page]

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID W. NOBLE, individually and on behalf of others similarly situated,<br><br>                  Plaintiff,<br><br>    vs.<br><br>SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>                Defendant. | Civil Action _____<br><br><br>**CLASS ACTION**<br><br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFF'S CLASS ACTION COMPLAINT

Plaintiff David W. Noble ("Plaintiff" or "Noble"), residing at 701 Bear

Creek Road, Adel, Georgia 31620, brings this class action complaint on behalf of

himself and all others similarly situated, by and through the undersigned attorneys,

against Defendant Samsung Electronics America, Inc. ("Samsung" or

"Defendant"), and alleges as follows upon personal knowledge as to himself and

his own acts and experiences and, as to all other matters, upon information and belief based upon, *inter alia*, the investigation conducted by his attorneys.

## NATURE OF THE CASE

1.      This is a class action on behalf of consumers who purchased the Samsung Galaxy Gear S Smartwatch ("the Smartwatch").  The Smartwatch constituted groundbreaking technology when released in that it was the first major broadly marketed smartwatch to possess the capability of independently functioning as a phone.  Samsung advertised and marketed its Smartwatch as having a battery that would last 24 to 48 hours without being charged.  Samsung also advertised that the watch would last two days with "typical" usage. In fact, the Smartwatch's battery dies after roughly four hours of normal use, rendering the product unreliable, inconvenient to use, and for all intents and purposes, useless. Because the Smartwatch was developed to purportedly function as an independent phone, this lack of battery capacity eviscerates the utility of the Smartwatch.

2.      Beginning at the time of the Smartwatch's release in the Fall of 2014, Samsung advertised the Smartwatch as having a 24-48 hour battery life, in order to lure customers into purchasing it.  Samsung knew, however, that its advertising and marketing were deceptive, misleading, and false.

3.      A Smartwatch that runs without charge for up to two days is far more valuable than one that needs to be recharged multiple times in the same day.

Purchasers of the Smartwatch, including Plaintiff, paid more for the Smartwatch than they would have had Samsung been truthful about the life of the Smartwatch battery.  Indeed, Plaintiff would not have purchased the Smartwatch at all had Samsung disclosed the Smartwatch's actual battery life.  It is simply impractical to use a Smartwatch with such a short battery life, as doing so requires one to either forgo wearing the watch, or else have one's arm in close proximity to an outlet and a charger, for significant periods of time several times throughout the day.

4.     Plaintiff, individually and on behalf of the Class defined below, seeks to obtain relief from Defendant, including, *inter alia*, damages and declaratory relief.

5.     Specifically, Plaintiff brings this class action to remedy violations of law in connection with Defendant's fraudulent and deceptive marketing and pricing scheme relating to the Smartwatch.

6.     Samsung has inflated the price of its Smartwatch to reflect its supposed 24-48 hour battery life.  As a consequence of this scheme, consumers across the nation have paid more than they would otherwise paid if the true facts were disclosed by Defendant, and consumers are receiving a lower quality product than is represented in Defendant's advertising.

## JURISDICTION AND VENUE

7.     This Court has subject matter jurisdiction of this action pursuant to

28 U.S.C. § 1332 of the Class Action Fairness Act of 2005 because: (i) there are 100 or more class members; (ii) there is an aggregate amount in controversy exceeding $5,000,000, exclusive of interest and costs; and (iii) there is minimal diversity because at least one member of the Class and Defendant are citizens of different states. This Court also has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

8. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391 because Defendant is headquartered in this district and division, is subject to personal jurisdiction in this district and division, and therefore is deemed to be a citizen of this district and division. Additionally, Defendant has advertised in this district and division and received substantial revenues and profits from sales of its Smartwatch in this district and division; therefore, a substantial part of the events and/or omissions giving rise to the claims occurred within this district and division. Throughout the class period, Defendant has directed its national false advertising campaign from this district and division such that Defendant's improper conduct emanates from this district and division.

9. This Court has personal jurisdiction over Defendant because it conducts substantial business in this judicial district and division, and intentionally and purposefully directed the Smartwatch into the stream of commerce within the districts of New Jersey and throughout the United States from its corporate headquarters in this district and division.

## PARTIES

### The Plaintiff

10. Plaintiff, David Noble, is, and at all times relevant to this litigation, was, a resident of Adel, Georgia.

11. In early November 2014, Plaintiff viewed Samsung's statements on its website, in its advertisements, and in its press releases, described below in paragraphs 21-24, representing that the Smartwatch had a 24-48 hour battery life and that the Smartwatch would last two days with "typical" usage.

12. In or about the second week of November, Plaintiff, relying on Samsung's representations about the battery life of its Smartwatch, bought a Smartwatch from an AT&T corporate store in Valdosta, Georgia.

13. Plaintiff paid a purchase price of $199 for the Smartwatch and simultaneously entered into a two year agreement with AT&T to provide 3G mobile telecommunication technology on the Smartwatch, for approximately $10 per month. Plaintiff's claim does not challenge the conduct of AT&T, rather

Plaintiff challenges, exclusively, the inherent technical limitations of the battery in Defendant's device.

14.     When Plaintiff began using the Smartwatch, he observed that its battery actually lasted only 4 hours without being charged, not the 24 to 48 hours promised by Samsung.  Plaintiff's usage was normal and within the typical parameters of use for which the Smartwatch was intended.

15.     A week after purchasing the Smartwatch, Plaintiff returned it to the AT&T store where he had purchased it.  Thinking that the poor battery might be an aberration, an employee at the AT&T store replaced Plaintiff's Smartwatch with a new Smartwatch.  However, upon using this second Smartwatch, Plaintiff learned that its battery, too, lasted only 3 to 4 hours without being recharged.

16.     Thereafter, AT&T recommended that Plaintiff send his Smartwatch to Samsung for repair.  Plaintiff did so on or around Thanksgiving 2014. Shortly thereafter, Samsung informed him that, in its view, there was nothing wrong with his Smartwatch, despite the fact that the battery life was so much shorter than the 24 to 48 hours Samsung had promised its Smartwatch would last without being charged.  Samsung nonetheless sent him a third Smartwatch to replace the second one.  But this Smartwatch had the same problem as the other two:  its battery lasted only 3 to 4 hours.  Whether due to lack of capacity, or inefficient battery

management during foreseeable use, the Smartwatch does not function as represented by Defendant.

17.     Plaintiff Noble has suffered an ascertainable loss as a result of Defendant's conduct described herein in that he paid more than he otherwise would have paid for his Smartwatch as a direct result of Defendant's misrepresentations.  Moreover, Plaintiff would never have purchased the Smartwatch had he known that its battery life was so short.

**The Defendant**

18.     Defendant Samsung Electronics America, Inc.is a corporation duly organized and existing under the laws of the State of New York with its headquarters and principal place of business located at 85 Challenger Rd, Ridgefield Park, NJ 07660.  Samsung markets, advertises, and sells the Smartwatch throughout the United States.

**FACTUAL ALLEGATIONS**

19.     Samsung released the Smartwatch in or around November 2014. While the Smartwatch was not the first smartwatch released by Samsung, it was its most ambitious.  For example, this Smartwatch, unlike others previously released by Samsung, allowed customers to make and receive phone calls directly from the Smartwatch itself, without an accompanying phone.

20.     Because the Smartwatch has so many functions, a reasonable consumer might be concerned that the Smartwatch's battery life might not last throughout the entirety of a day.  Consumers would be far less likely to purchase a smartwatch that had to be recharged repeatedly throughout the day—particularly when represented to perform independently as a phone.

21.     Presumably in order to allay these potential concerns, Samsung claimed on its website that the Smartwatch battery would typically last 24 to 48 hours without being recharged.

22.     Upon information and belief, Samsung's website made this misstatement until in or about the beginning of 2015, when it appears Samsung withdrew the misstatement from its website.

23.     Samsung made similar claims in its press releases.  For example, in a press release issued in late Summer 2014—leading up to release of the Smartwatch in the United States—Samsung claimed that the Smartwatch's battery life would have a "Typical Usage [of] 2 days."

24.     Samsung also made similar statements in its print and online advertisements.

25.     Samsung's statements on its website, in its press releases, and in its advertising were misleading, deceptive, and false.  In reality, the Smartwatch

battery typically lasts approximately 4 hours before needing to be recharged, not the 24 to 48 hours represented by Samsung.

26.     Upon removing its misstatements in its advertisements and on its website about the battery life of the Smartwatch, Samsung did nothing to affirmatively correct the misimpressions formed in the public—as a direct result of Samsung's misstatements—about the Smartwatch's battery life.

27.     As one review put it, "**The double bad news: you're going to need to carry around yet another charging cradle with you.**" www.wareable.com/ samsung/samsung-gear-s-review.

28.     The internet is replete with examples of customers who have been misled into purchasing Smartwatches.  Excerpts of online comments are reproduced below verbatim, without any proofreading correction:

- Having battery issues with my Gear S smartwatch. Severe battery drain in about 4-6 hrs. Same thing happened with my Gear 2 Neo. I'm pairing it Note 3 running 4.2.2. Anyone else having issues? http://forum.xda-developers.com/gear-s/help/gear-s-battery-issues-t2935271

- 6 hrs battery life is not tolerable even after not utilizing most of the features. Samsung intended to utilize this watch effectively, hence there is an option

"Clock always on" and there is a timeout of maximum 5 minutes. If Samsung wanted to completely hide showing off the watch face, there will be no options like "Clock always on" and the timeout wouldnt be greater than 1 minute.

So a reasonable battery life is expected, not 6 hrs just for using mobile networks and clock always on on greyscale.

http://forum.xda-developers.com/gear-s/help/gear-s-battery-issues-t2935271/page5

- I get only 6 Hrs from 0 to 100%.

  How my watch is set up:

  1. Dedicated SIM for Calls and Messages.

  2. Mobile data is disabled

  3. Wifi is Disabled

  4. GPS is disabled

  5. Not using any Health apps

  6. Notifications disabled

  7. Brightness at 80%

  8. Vibration disabled or weak

9. Volume at 100%

10. Bluetooth Headset always connected

11. Clock Face to always on

12. Home screen timeout: 1 minute

13. Pairing to Galaxy mobile: 1 hour maximum

14. Closing all apps occasionally

15. Receiving 2 call an hr on average lasting 2 minutes each.

16. Not using Navigator

17. Calls answering on loudspeaker 50% of the time and 50% on BT headset

18. Not using S Voice and disabled "Hi Gear" wakeup

19. No call forwarding or remote connection

20. Power saving mode is not helping

21. Mute/Pause Gesture is disabled but wake up Gesture is enabled

Any "Battery consuming" setting above? Pls advise

http://forum.xda-developers.com/gear-s/help/gear-s-battery-issues-t2935271/page4


- "Battery died Had to down load upgrade to Note 3 and now my battery doesnt hold a charge for my 10 month old Gear Watch!!!"

http://www.samsung.com/uk/consumer/mobile-devices/wearables/gear/SM-V7000ZKABTU

- "Mine doesn't even last a day. I have it running Bluetooth,gps, and all. If I'm going to spend 350+ I want it to last at least a day. Returning it tomorrow." http://www.techradar.com/us/reviews/phones/mobile-phone-accessories/samsung-gear-s-1263307/review

- "BATTERY is in my opinion isn't as good as mentioned in advertisements. A full charge on stand-by sure...you might get a whole day or a day and a half but that's if bluetooth, wifi isn't running. The app. has to be continuously running on your phone to communicate with the watch which also drains the watch battery. So I uninstalled the app from my phone to preserve battery. At full charge...I talked for 35 minutes without bluetooth and wifi and at the end of the conversation, the watch went from 100% to 45%. What? So I did something crazy." http://www.amazon.com/Samsung-Galaxy-Curved-AMOLED-Display/product-reviews/B00PHPW1NC/ref=cm_cr_dp_qt_hist_two?ie=UTF8&filterBy=adTwoStar&showViewpoints=0

29.     Samsung's statements left Plaintiff and other reasonable consumers, logically believing they were purchasing a Smartwatch with a battery that would last 24 to 48 hours.  Plaintiff and other consumers would not have bought the product had they known the truth about the Smartwatch's battery life.  Defendant directed, organized and controlled its false advertising campaign from its headquarters in this judicial district, such that it can be fairly stated that Defendant's offensive conduct emanated from this judicial district.

## CLASS ACTION ALLEGATIONS

30.     Plaintiff brings this action on his own behalf, and on behalf of the following National Class pursuant to FED. R. CIV. P. 23(a), 23(b)(2), and/or 23(b)(3).  Specifically, the National Class consists of the following.

### National Class:

All persons or entities in the United States who purchased one or more Smartwatches from November 14, 2014 until the present ("the Class").

31.     Excluded from the Class are: Defendant, its affiliates, employees, officers and directors, persons or entities that purchased the Smartwatch for purposes of resale, and the Judge(s) assigned to this case.  Plaintiff reserves the right to modify the Class definition as warranted by discovery.

32.     Numerosity:  The Class is so numerous that joinder of all members is impracticable.  While the exact number and identities of individual members of the Class are unknown at this time, such information being in the possession of

Defendant and obtainable by Plaintiff only through the discovery process, Plaintiff

believes that the Class consists of many thousands of persons that were deceived

by Defendant's misconduct.

33. <u>Existence and Predominance of Common Questions of Fact and Law</u>:

Common questions of law and fact exist as to all members of the Class.  These

questions predominate over the questions affecting individual Class members.

These common legal and factual questions include, but are not limited to:

a. whether Defendant misrepresented the battery life of its Smartwatch;

b. whether Defendant's conduct violated the New Jersey Consumer

Fraud Act;

c. whether Plaintiff and Class members are entitled to monetary

damages and/or other remedies and, if so, the nature of any such relief; and

d. whether the Court may apply the law of the State of New Jersey to

the entire Class because Defendant's conduct emanated from New Jersey.

34. <u>Typicality</u>:  All of Plaintiff's claims are typical of the claims of the

Class since Plaintiff and all members of the Class sustained monetary and

economic injuries including, but not limited to, ascertainable losses arising out of

Defendant's wrongful conduct.  Plaintiff is advancing the same claims and legal

theories on behalf of himself and all absent Class members.

35. <u>Adequacy</u>:  Plaintiff is an adequate representative because his

interests do not materially or irreconcilably conflict with the interests of the Class that he seeks to represent, he has retained counsel competent and highly experienced in complex class action litigation, and he intends to prosecute this action vigorously.  The interests of the Class will be fairly and adequately protected by Plaintiff and his counsel.

36.    Superiority:  A class action is superior to all other available means of fair and efficient adjudication of the claims of Plaintiff and members of the Class. The injury suffered by each individual Class member is relatively small in comparison to the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendant's conduct.  It would be virtually impossible for members of the Class individually to effectively redress the wrongs done to them.  Even if the members of the Class could afford such individual litigation, the court system could not.  Individualized litigation presents a potential for inconsistent or contradictory judgments.  Individualized litigation increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues of the case.  By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.  Members of the Class can be readily identified and notified based on, *inter alia*, Defendant's records, databases, and product registrations.

37.     Defendant has acted, and refused to act, on grounds generally applicable to the Class, thereby making appropriate final injunctive and equitable relief with respect to the Class as a whole.

38.     New Jersey's substantive laws may be constitutionally applied to the claims of Plaintiff and the National Class under the Due Process Clause, 14th Amend., § 1, and the Full Faith and Credit Clause, art. IV., § 1, of the U.S. Constitution.  New Jersey has significant contact, or significant aggregation of contacts, to the claims asserted by Plaintiff and all Class members, thereby creating state interests that ensure that the choice of New Jersey state law is not arbitrary or unfair.   Specifically, Defendant's headquarters and principal place of business are located in New Jersey, and upon information and belief, the conduct and decisions that gave rise to Plaintiff's claims emanated from New Jersey.

## VIOLATIONS ALLEGED

### COUNT I
### VIOLATION OF THE NEW JERSEY CONSUMER FRAUD ACT

39.     Plaintiff and the Class incorporate by reference each preceding and succeeding paragraph as though fully set forth at length herein.

40.     The New Jersey Consumer Fraud Act ("NJCFA") protects consumers against "any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment,

suppression or omission, in connection with the sale or advertisement of any merchandise . . . ."  N.J. STAT. ANN. § 56:8-2.

41.    Plaintiff and members of the Class are consumers who purchased the Smartwatch for personal, family or household use.

42.    Defendant engaged in unlawful conduct in violation of the NJCFA by misrepresenting the battery life of the Smartwatch, as set forth above.

43.    Defendant also engaged in unlawful conduct in violation of the NJCFA by making knowing and intentional omissions.  Defendant knowingly failed to disclose the true battery life of the Smartwatch, despite knowing that, as a direct result of its misstatements, consumers would be left with the impression that the battery life of the Smartwatch was far longer than it actually was.

44.    Similarly, Defendant did not fully and truthfully disclose to its customers the true nature of the Smartwatch's battery life.  Instead, Defendant made misleading and inaccurate statements concerning the Smartwatch's battery life.  Defendant intended Plaintiff and consumers to rely upon its misstatements and omissions.

45.    Defendant's conduct caused Plaintiff and Class members to suffer an ascertainable loss.  In addition to direct monetary losses, Plaintiff and Class members have suffered an ascertainable loss by receiving less than what was promised.

46.     A causal relationship exists between Defendant's unlawful conduct and the ascertainable losses suffered by Plaintiff and the Class.  Had Samsung not misinformed Plaintiffs and the Class about the battery life of its Smartwatch, Plaintiff and the Class would not have purchased them, or would have paid substantially less.

## COUNT II
## COMMON LAW FRAUD

47.     Plaintiff and the Class incorporate by reference each preceding and succeeding paragraph as though fully set forth at length herein.

48.     Defendant made material misstatements of fact to Plaintiff and Class members regarding the battery life of its Smartwatch.  As a result, Plaintiff and the Class were fraudulently induced to purchase the Smartwatch.

49.     These misstatements by Samsung were made with knowledge of their falsity, and with the intent that Plaintiff and members of the Class would rely upon them.  Samsung also concealed the true nature of the Smartwatch's battery life.

50.     At the time Defendant made these misrepresentations and concealments, and at the time Plaintiff and Class members purchased the Smartwatch, Plaintiff and the Class were unaware of the falsity of these misrepresentations, and reasonably believed them to be true.

51.     In making these representations, Defendant knew they were false and/or misleading, and intended that the Plaintiff and Class members would rely upon such misrepresentations.

52.     Plaintiff and Class members did in fact rely upon Defendant's misrepresentations concerning the battery life of the Smartwatch, as any reasonable consumer would.

53.     As a direct and proximate result of Defendant's deceptive, fraudulent, and unfair practices, Plaintiff and Class members have suffered injury in fact and/or actual damages in an amount to be determined at trial.

54.     Plaintiff, on behalf of himself and all others similarly situated, demands judgment against Defendant for damages and declaratory relief.

## COUNT III
## NEGLIGENT MISREPRESENTATION

55.      Plaintiff and the Class incorporate by reference each preceding and succeeding paragraph as though fully set forth at length herein.

56.     Under the circumstances alleged, Defendant owed a duty to Plaintiff and Class to provide them with accurate information regarding the battery life of the Smartwatch.

57.     Defendant represented to Plaintiff and Class members that by purchasing the Smartwatch, they would be receiving a product with a battery life far longer than they actually received.

58.     Defendant's representations, as described herein, were false, negligent and material.

59.     Defendant negligently made these misrepresentations with the understanding that Plaintiff and Class members would rely upon them.

60.     Plaintiff and Class members did in fact reasonably rely upon these misrepresentations and concealments made by Defendant.

61.     As a direct and proximate result of Defendant's negligent actions, Plaintiff and Class members have suffered injury in fact and/or actual damages in an amount to be determined at trial.

62.     Plaintiff, on behalf of himself and all others similarly situated, demands judgment against Defendant for damages and declaratory relief.

## COUNT V
## BREACH OF EXPRESS WARRANTY

63.     Plaintiff and the Class incorporate by reference each preceding and succeeding paragraph as though fully set forth at length herein.

64.     Samsung expressly warranted that its Smartwatch had a certain, specific battery life.

65.     Samsung breached this express warranty by selling Smartwatches that did not have this specified battery life, thereby injuring Plaintiff and similarly situated Class members.

## COUNT V
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

66.    Plaintiff and the Class incorporate by reference each preceding and succeeding paragraph as though fully set forth at length herein.

67.    Defendant sold Plaintiff a product whose battery life was too short to make use of the product feasible.  As such, the Smartwatch was defective and not fit for the ordinary purpose for which it was intended.

68.    The Smartwatch had this defect at the time it left Defendant's control.

69.    As a result of this defect, Plaintiff and Class members have suffered injury in fact and/or actual damages in an amount to be determined at trial.

## COUNT VI
## UNJUST ENRICHMENT

70.    Plaintiff and the Class incorporate by reference each preceding and succeeding paragraph as though fully set forth at length herein.

71.    Plaintiff and the Class conferred a tangible economic benefit on Samsung by purchasing the Smartwatch.  Plaintiff and the Class would not have purchased the Smartwatch had they known the true nature of the Smartwatch's battery life, or they would have paid substantially less for them.

72.    Because of its wrongful acts and omissions, Samsung was able to charge a higher price for its Smartwatch than its value and obtained monies which rightfully belong to Plaintiff and the Class.

73.     Defendant enjoyed the benefit of increased financial gains, to the detriment of Plaintiff and other Class members.  It would be inequitable and unjust for Samsung to retain these wrongfully obtained funds.

74.     Therefore, in the alternative to the warranty claim stated above, Plaintiff seeks an order requiring Samsung to make restitution and disgorgement to him and other members of the Class.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and members of the Class, respectfully requests that this Court:

A.     Determine that the claims alleged herein may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, and issue an order certifying one or more Classes as defined above;

B.     Appoint Plaintiff as the representative of the Class and his counsel as Class counsel;

C.     Award all actual, general, special, incidental, statutory, and consequential damages to which Plaintiff and Class members are entitled;

D.     Award pre-judgment and post-judgment interest on such monetary relief;

E.     Grant appropriate injunctive and/or declaratory relief;

F.     Award reasonable attorneys' fees and costs; and

G.     Grant such further relief that this Court deems appropriate.

## **<u>JURY DEMAND</u>**

Plaintiff, on behalf of himself and the members of the Class, demands a trial by jury on all issues so triable.

Date: June 2, 2015                      **LITE DEPALMA GREENBERG, LLC**

<u>/s/ *Joseph J.DePalma*_____</u>
Joseph J. DePalma
Susana Cruz Hodge
570 Broad Street, Suite 1201
Newark, NJ 07102
Telephone: (973) 623-3000
Facsimile: (973) 623-0858
Email:  jdepalma@litedepalma.com
              scruzhodge@litedepalma.com

Benjamin Elga (SBN: 138972014)
CUNEO GILBERT & LADUCA, LLP
16 Court Street, Suite 1012
Brooklyn, NY 11241
Telephone:  (202) 789-3960
Facsimile:  (202) 789-1813
Email:  belga@cuneolaw.com

William H. Anderson (to apply *pro hac vice*)
CUNEO GILBERT & LADUCA, LLP
507 C Street, NE
Washington, DC 20002
Telephone:  (202) 789-3960
Facsimile:  (202) 789-1813
E-mail:  wanderson@cuneolaw.com

Charles J. LaDuca (to apply *pro hac vice*)
CUNEO GILBERT & LADUCA, LLP
8120 Woodmont Avenue, Suite 810
Bethesda, MD 20814
Telephone:  (202) 789-3960
Facsimile:  (202) 789-1813
Email:  charlesl@cuneolaw.com

***Attorneys for Plaintiff***

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

Plaintiff, by his attorneys, hereby certifies that to the best of his knowledge, the matter in controversy is not related to any other action.  Plaintiff is not currently aware of any other party who should be joined in this action.

I hereby certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Date: June 2, 2015                **LITE DEPALMA GREENBERG, LLC**

                                  */s/ Joseph J.DePalma*
                                  Joseph J. DePalma
                                  570 Broad Street, Suite 1201
                                  Newark, NJ 07102
                                  Telephone: (973) 623-3000
                                  Facsimile: (973) 623-0858
                                  Email:  jdepalma@litedepalma.com

                                  ***Attorneys for Plaintiff***