NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID W. NOBLE, individually and on behalf of others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>*Defendant.* | Civil Action No. 15-3713<br><br>OPINION |

**ARLEO,** UNITED STATES DISTRICT JUDGE

**THIS MATTER** comes before the Court on Defendant Samsung Electronics America, Inc.'s ("Defendant" or "Samsung") motion to dismiss Plaintiff David Noble's ("Plaintiff" or "Noble") First Amended Class Action Complaint ("Amended Complaint" or "FAC"). ECF No. 38. For the reasons set forth herein, the motion is **GRANTED in part** and **DENIED in part**.

I. BACKGROUND

This case involves allegations that Samsung misrepresented the battery life of one of its smart watch products. On August 7, 2015, Samsung filed a motion to compel arbitration. ECF No. 12. This Court denied that motion on March 15, 2016. ECF No. 19-20. The Third Circuit affirmed the denial on March 29, 2017. ECF No. 29. Plaintiff then amended his complaint on June 23, 2017. ECF No. 37. Samsung now moves to dismiss Noble's Amended Complaint. ECF No. 38.

A. The Smartwatch

1

In November 2014, Samsung released the Samsung Galaxy Gear S Smartwatch ("Smartwatch"). FAC ¶¶ 1, 19. At that time, it was the first broadly marketed Samsung smartwatch that could function independently as a phone, allowing customers to make and receive phone calls directly from the Smartwatch itself. Id. ¶ 19.

Samsung made several public statements about the Smartwatch's battery life. Id. ¶¶ 21-24. It claimed on its website that the Smartwatch's battery would typically last 24 to 48 hours without being recharged, though the claim was removed from the website in early 2015 without explanation. Id. ¶¶ 21, 22, 26. Samsung made similar claims in press releases. Id. ¶ 23. For example, it stated in a Summer 2014 press release that the Smartwatch battery had a "Typical Usage [of] 2 days." Id. ¶ 23. Similar statements appeared in print and online advertisements, as well. Id. ¶ 24.

### B. Plaintiff's Purchase of the Smartwatch and Battery Issues

In early November 2014, Noble viewed Samsung's representations about battery life on its website, in press releases, and advertisements. Id. ¶ 11. Based on these representations, he bought a Smartwatch from an AT&T store in Georgia, where he lives. Id. ¶¶ 10, 12. He paid $199 for the product and entered into a two-year agreement with AT&T to provide 3G mobile telecommunication technology on the Smartwatch, for approximately $10 per month. Id. ¶ 13.

Upon using the watch, however, Noble noticed that the battery only lasted about four hours until he had to recharge it. Id. ¶ 14. This happened even though his usage was normal and within the typical parameters of the product's intended use. Id. Unhappy with the Smartwatch's performance, he replaced it on two occasions, first through AT&T, then though Samsung directly. See id. ¶¶ 15-16. The batteries on both replacement Smartwatches lasted for about the same

amount of time as the first one, despite Samsung's assurances to Noble after the second trade-in that the product was not defective. Id.

Noble is not the only purchaser to experience battery issues. According to a number of online comments from other dissatisfied Smartwatch purchasers, other consumers also had to recharge their products after roughly four to six hours of use. See id. ¶ 28. Neither Plaintiff nor other consumers would have purchased the Smartwatch had they known that the battery life was far shorter than the twenty-four to forty-eight hours represented by Samsung. Id. ¶ 17, 29.

### C. The Amended Complaint

On June 23, 2017, Noble filed an Amended Complaint on behalf of himself and a putative class of other purchasers of the Smartwatch, asserting causes of action for (1) fraud under the New Jersey Consumer Fraud Act ("NJCFA"), N.J. Stat. Ann. § 56:8-2, et seq.; (2) common law fraud; (3) negligent misrepresentation; (4) breach of express warranty; (5) breach of the implied warranty of merchantability; and (6) unjust enrichment. In July 2017, Samsung filed the instant motion to dismiss under Fed. R. Civ. P. 12(b)(6).

## II. LEGAL STANDARD

When considering a Rule 12(b)(6) motion to dismiss, the court accepts as true all of the facts in the complaint and draws all reasonable inferences in favor of the plaintiff. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). Dismissal is inappropriate even where "it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." Id. The facts alleged, however, must be "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id. Accordingly, a complaint will survive a motion to dismiss if it provides a

sufficient factual basis such that it states a facially plausible claim for relief. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

For allegations sounding in fraud, Rule 9(b) imposes a heightened pleading standard: namely, "a party must state with particularity the circumstances constituting fraud or mistake," but "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). The circumstances of the fraud must be stated with sufficient particularity to put a defendant on notice of the "precise misconduct with which [it is] charged." Lum v. Bank of Am., 361 F.3d 217, 224 (3d Cir. 2004). "To satisfy this standard, the plaintiff must plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." Frederico v. Home Depot, 507 F.3d 188, 200 (3d Cir. 2007).

### III. ANALYSIS

#### A. The New Jersey Consumer Fraud Act Claim (Count One)

Defendant argues that Georgia law, not New Jersey law, should apply to the consumer fraud claims. Plaintiff replies that a conflict of law analysis is premature and New Jersey law applies regardless. The Court is persuaded that there is a conflict between the relevant consumer fraud statutes and that Georgia law should apply.

A district court sitting in diversity must apply the choice of law rules of the forum state. Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941). In New Jersey, courts have adopted a two-part "most significant relationship" test to determine which set of laws should apply. Maniscalo v. Brothers Int'l (USA) Corp., 709 F.3d 202, 206-07 (3d Cir. 2013). The court must first determine whether there is an actual conflict between the laws of interested states; if not, the forum state law applies. If there is a conflict, then the court must identify which state has the "most significant relationship" to the claim. Id.

There is a conflict between the laws of the states here. NJCFA requires a plaintiff to demonstrate an "ascertainable loss," whereas its Georgia counterpart, the Georgia Uniform Deceptive Trade Practices Act ("GUDTPA"), does not require any proof of monetary damages. See Arcand v. Brother Int'l Corp., 673 F. Supp. 2d 282, 296 (D.N.J. 2009); Energy Four, Inc. v. Dornier Med. Sys. Inc., 765 F. Supp. 724, 730-31 (N.D. Ga. 1991). NJCFA requires the imposition of treble damages while GUDTPA allows for only injunctive relief. See N.J.S.A. § 56:8-19; Spera v. Samsung Elecs. Am., Inc., No. 12-5412, 2014 WL 1334256, at *3-4 (D.N.J. Apr. 2, 2014); Ga. Code Ann. § 10-1-373; Energy Four, 765 F. Supp. at 731. The Court must consider which state's law applies to Plaintiff's claims.

Plaintiff argues that it is premature to consider the conflict of law question on a motion to dismiss. But courts routinely undertake a choice of law analysis at the pleading stage when the relevant facts are set forth in the complaint. See, e.g., Bedi v. BMW of North America, LLC, No. 15-1898, 2016 WL 324650, at *4 (D.N.J. Jan. 27, 2016) (conducting a choice of law analysis at the motion to dismiss stage where the complaint contained all necessary facts); Montich v. Miele USA Inc., 849 F. Supp. 2d 439, 447 (D.N.J. 2012) (same); see also Cooper v. Samsung Elecs. Am., 347 Fed. App'x 250, 255 (3d Cir. 2010) (affirming a choice of law analysis undertaken at the motion to dismiss stage based on facts alleged in the complaint).

Plaintiff's Amended Complaint contains the necessary facts relevant to a choice of law analysis. Plaintiff does not dispute that he viewed statements on Samsung's website and its marketing materials in Georgia, and alleges that he purchased the Smartwatch in Georgia. FAC ¶¶ 10-12. Plaintiff alleges that Samsung "directed, organized and controlled its false advertising campaign from its headquarters in [New Jersey]." Id. ¶ 29. Plaintiff further alleges that, after detecting problems with the Smartwatch, he initiated calls with Samsung's Executive Customer

5

Relations center in New Jersey. Id. ¶ 16. Based on the facts alleged in the Amended Complaint, the Court can decide the conflict of law question now.

Where a fraud or misrepresentation claim is alleged, the Court first examines whether the "plaintiff's actions in reliance took place in the state where the false representations were made and received." Maniscalco, 709 F.3d at 207 (quoting Restatement (Second) of Conflict of Laws § 148). If so, the law of that state controls. Id. If not, then the Court must weigh the Restatement factors:

> (a) the place, or places, where the plaintiff acted in reliance upon the defendant's representations, (b) the place where the plaintiff received the representations, (c) the place where the defendant made the representations, (d) the domicile, residence, nationality, place of incorporation and place of business of the parties, (e) the place where a tangible thing which is the subject of the transaction between the parties was situated at the time, and (f) the place where the plaintiff is to render performance under a contract which he has been induced to enter by the false representations of the defendant.

Id. Plaintiff's action in reliance—purchasing a Smartwatch—did not occur in the same location in which the false representations were made and received. The representations were allegedly made in New Jersey. See, e.g., Feldman v. Mercedes-Benz USA, LLC, No. 2:11-CV-00984, 2012 WL 6596830, at *6 (D.N.J. Dec. 18, 2012) (finding representations were "made" at Defendant's headquarters, though received elsewhere). They were received in Georgia. The Court therefore weighs the Restatement factors.

Georgia has the "most significant relationship" to this case. As Plaintiff's Amended Complaint makes clear, Plaintiff arguably received, and alleges that he acted upon, Samsung's misrepresentations in Georgia. He is a Georgia resident. Apart from when Plaintiff sent the

Smartwatch to Samsung for repair,[1] the Smartwatch arguably has been and remains with Plaintiff in Georgia. Three factors—(a) the place of reliance, (b) the place where plaintiff received the representation, and (e) the place where a tangible thing which is the subject of the transaction is located—weigh in favor of applying Georgia law to Plaintiff's consumer fraud claim. The fourth factor—(d) the domicile, residence, and place of business or incorporation of the parties—does not weigh in favor of either state since Plaintiff is a citizen of Georgia and Defendant is headquartered in New Jersey.

Plaintiff contends that New Jersey law should apply because Samsung is headquartered in New Jersey, because Samsung maintains its Executive Customer Relations center in New Jersey,[2] and because Samsung's "offensive conduct emanated from [New Jersey]."[3] Pl. Opp. Br. at 5, ECF No. 39. But "the mere fact that a company is headquartered in New Jersey or that unlawful conduct emanated from New Jersey will not supersede the numerous contacts with the consumer's home state for purposes of determining which state has the most significant relationship under Restatement § 148(2)." Bedi, 2016 WL 324650, at *4 (citing Montich, 849 F.

---

[1] Plaintiff claims he sent the watch to a Samsung repair facility but does not indicate the location of that facility. FAC ¶ 16. Even if Plaintiff had alleged that the repair facility was located in New Jersey, this fact would not be enough to weigh in favor of applying New Jersey law to this action, as Plaintiff alleges that the misrepresentations he viewed before purchasing the watch, not Samsung's repair and replacement process, caused his injuries.

[2] Plaintiff claims that he purchased the Smartwatch "in or about the second week of November 2014," FAC ¶ 12, and that he made calls to the Executive Customer Relations center on or after November 25, 2014, FAC ¶ 16. Plaintiff does not allege that he had any contact with the Executive Customer Relations center prior to purchasing the Smartwatch. Id. Therefore, the location of the Executive Customer Relations center is immaterial to an analysis of where Plaintiff received and acted upon Samsung's fraudulent and misleading statements.

[3] Plaintiff claims that the Standard Limited Warranty accompanying the Smartwatch directed users to contact Samsung "in New Jersey" with questions or concerns about the product. Pl. Opp. Br. at 4. In fact, the Standard Limited Warranty contains no references to New Jersey and instructs users to contact Samsung at 1301 E. Lookout Drive, Richardson, Texas 75082. Def. Br., Ex. A at 86, ECF No. 38-3.

Supp. 2d at 449) (internal quotation omitted); see also Maniscalco v. Brother Int'l (USA) Corp. 709 F.3d 202, 208 (3d Cir. 2013) (holding that the fact that defendant is headquartered in New Jersey is not sufficient to impose New Jersey law); Nikolin v. Samsung Elecs. Am., Inc., No. 10-1456, 2010 WL 4116997, at *3-4 (D.N.J. Oct. 18, 2010) ("the location of the manufacturer's headquarters does not supersede the numerous contacts with the consumer's home state").

Plaintiff has not identified anything linking this case to New Jersey other than the fact that Defendant is based there and its misrepresentations emanated from there. That is not enough where, as here, all other pertinent activities occurred in Georgia. As such, Georgia law applies to Plaintiff's consumer fraud claim. The NJCFA claim is dismissed.

**B. Common Law Fraud (Count Two)**

Defendant argues that Plaintiff has failed to allege with specificity his claim that Samsung defrauded him. Plaintiff contends he pled his fraud claim with sufficient particularity by alleging that Samsung knowingly misrepresenting how long the Smartwatch would last on a single charge. The Court agrees with Plaintiff.

To state a claim for common-law fraud,[4] a plaintiff must show "(1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages." Banco Popular N. Am. V. Gandi, 184 N.J. 161, 172-73 (2005).

Plaintiff alleges that in early November 2014, he viewed Samsung's statements representing that the Smartwatch had a 24-48 hour battery life. FAC ¶¶ 11, 21, 23-24. He alleges

---

[4] Both parties agree that there is no conflict between New Jersey and Georgia law with respect to common law fraud. See, e.g., Knox v. Samsung Elecs. Am., No. 08-4308, 2009 WL 1810728, at *5 (D.N.J. June 25, 2009). Accordingly, the Court will apply New Jersey law.

that he viewed these representations on Samsung's website, in its advertisements, and in its press releases. Id. He claims that these statements included guarantees that the Smartwatch battery would typically last 24-48 hours without being recharged and that the Smartwatch battery would have a "Typical Usage [of] 2 days." Id. ¶¶ 21, 23. Plaintiff alleges that in or about the second week of November—in reliance on Samsung's statements and soon after viewing them—he purchased a Smartwatch. Id. ¶ 12. And Plaintiff alleges that Samsung knew that the statements were false because the battery was technologically incapable of performing as Samsung claimed it would. Id. ¶ 2.

Defendant contends that Plaintiff's allegations do not meet the heightened pleading standards required by Fed. R. Civ. P. 9(b). Defendant points to multiple cases in this district where fraud claims were dismissed when a plaintiff alleged that misstatements appeared in commercials, advertisements, or websites but did not specify which advertisements he or she had seen, or whether he or she viewed the statements in any particular medium. See, e.g., Mladenov v. Wegmans Food Markets, Inc., 124 F. Supp. 3d 360, 373-74 (D.N.J. 2015) (dismissing fraud claims when plaintiff alleged the existence of misrepresentations but not the fact that he viewed them prior to purchase); In re Riddell Concussion Reduction Litig., 77 F. Supp. 3d 422, 435 (D.N.J. 2015) (dismissing fraud claims when plaintiffs did not identify which specific statements to which they were exposed); Rapid Models & Prototypes, Inc. v. Innovated Solutions, 71 F. Supp. 3d 492, 504 (D.N.J. 2014) (dismissing fraud claims when plaintiffs failed to identify "what written documents they reviewed in deciding to acquire" the defective product). But that is not the case here, because Plaintiff has specified the language of the advertisements he saw, and the formats in which he saw them.

9

Plaintiff pleads facts sufficient to satisfy the heightened burden under Rule 9(b). He alleges that misleading claims appeared in advertisements, press releases, and on Samsung's website, and he pleads with specificity that those claims included the assertion that the Smartwatch battery would last up to two days without needing to be charged. He alleges that these statements were made in early November 2014 and he claims that he viewed them prior to purchasing his Smartwatch. These allegations are sufficient to "put Defendant[] on notice of the 'precise misconduct with which [it is] charged.'" Eberhart v. LG Electronics USA, Inc., No. 15-1761, 2015 WL 9581752, at *5 (D.N.J. Dec. 30, 2015) (quoting Smajlaj v. Campbell Soup Co., 782 F. Supp. 2d 84, 104 (D.N.J. 2011)). And Plaintiff alleges that Samsung knew or believed the statements were false because the battery was technologically incapable of supporting the advertised battery life.[5] Plaintiff has pled facts sufficient to survive a motion to dismiss on Count Two.

C. **Negligent Misrepresentation (Count Three)**

To state a claim for negligent misrepresentation, a plaintiff must show "(1) an incorrect statement, (2) negligently made, (3) upon which plaintiff justifiably relied, and (4) resulted in economic loss or injury as a consequence of that reliance."[6] Mason v. Coca-Cola Co., 774 F. Supp. 2d 699, 704 (D.N.J. 2011). Defendant contends that Plaintiff has failed allege with specificity that

---

[5] Defendant claims that Plaintiff has not adequately alleged that Defendant knew any statement was false. The Court disagrees. Under Rule 9(b), "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." To survive dismissal, the general allegations must be more than conclusory. Gotthelf v. Toyota Motor Sales, U.S.A., Inc., 525 F. App'x 94, 103 n.15 (3d Cir. 2013). Here, Plaintiff has pled facts that adequately allege knowledge of falsity.

[6] Both parties agree that there is no conflict between New Jersey and Georgia law with respect to negligent misrepresentation. See, e.g., Home Depot U.S.A., Inc. v. Wabash Nat'l Corp., 724 S.E.2d 53, 60 (Ga. Ct. App. 2012) ("[T]he essential elements of a claim of negligent misrepresentation are . . . (1) the defendant's negligent supply of false information to foreseeable persons, known or unknown; (2) such persons' reasonable reliance upon that false information; and (3) economic injury proximately resulting from such reliance."). Accordingly, the Court will apply New Jersey law.

Plaintiff relied on any particular misstatement by Samsung and has therefore failed to plead a claim for negligent misrepresentation. The Court disagrees. As discussed, supra, Plaintiff has adequately pled that he viewed specific misleading claims by Samsung—on its website, in advertisements, and in press releases—that represented that the Smartwatch battery would last at least 24 hours without needing to be recharged, and that he relied on those claims in deciding to purchase the Smartwatch. Plaintiff has pled facts sufficient to survive a motion to dismiss on Count Three.

**D. Breach of Express or Implied Warranty (Counts Four and Five)**

Defendant moves to dismiss Plaintiff's express and implied warranty claims on the basis that Samsung's written warranty expressly disclaims the express warranty and the implied warranty of merchantability. The Court disagrees.

As a threshold matter, Defendant's representations that the Smartwatch battery would last 24-48 hours constitute an express warranty. See Viking Yacht Co. v. Composites One LLC, 496 F. Supp. 2d 462, 469 (D.N.J. 2007) ("[E]xpress warranties are created by any 'affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain' or 'description of the goods which is made part of the bargain.'") (citing N.J.S.A. § 12A:2-313(1)); see also Liberty Lincoln-Mercury, Inc. v. Ford Motor Co., 171 F.3d 818, 824 (3d Cir. 1999) (an express warranty is created when "[t]he seller promises that the good sold will conform to some standard which may be established by a model, a level of quality, an assurance, a description or a list of specifications.").

On its face, the Smartwatch's Standard Limited Warranty ("SLW"), Def. Br., Ex. A, ECF No. 38-3, disclaims both Plaintiff's express warranty cause of action premised on Samsung's misrepresentations in advertisements, on its websites, and in press releases, and Plaintiff's

11

implied warranty cause of action premised on the implied warranty of merchantability.[7] But the existence of a disclaimer is not enough to dismiss Plaintiff's breach of warranty claims. If the disclaimer is "'unreasonably inconsistent'" with Samsung's marketing terms, the disclaimer may be deemed inoperative. Viking Yacht Co. v. Composites One LLC, 496 F. Supp. 2d 462, 470 (D.N.J. 2007) (citing Gladden v. Cadillac Motor Car Division, General Motors Corp., 83 N.J. 320, 332 (1980)).[8]

The disclaimer in the Smartwatch's SLW is inconsistent with the representations made by Samsung about the Smartwatch's battery life. The disclaimer in the Smartwatch's SLW disclaims "any express or implied warranty . . . with respect to . . . the performance of the product." SLW, ECF No. 38-3 at 4-5. This disclaimer does not harmonize with Samsung's representation that the Smartwatch would last 24-48 hours without needing to be recharged. See Peruto v. TimberTech Ltd., 126 F. Supp. 3d 447, 456-57 (D.N.J. 2015) (finding a limited warranty that excluded from coverage changes in product color inconsistent with an express warranty promising that the product color would withstand weathering); In re AZEK, 82 F. Supp. 3d at 617, n.5 (finding a limited warranty that disclaimed any express warranty inconsistent with an express warranty guaranteeing that the product would not rot, stain, or fade).

---

[7] Plaintiff did not attach the Standard Limited Warranty to the complaint but does not challenge the authenticity of the version submitted together with Defendant's motion. See Pension Ben. Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993) ("[A] court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document.") (internal citations omitted).
[8] There is no conflict between New Jersey law and Georgia law on this issue. Compare N.J.S.A. § 12A:2-313, Cmt. 4 ("A clause generally disclaiming "all warranties, express or implied" cannot reduce the seller's obligation with respect to such description and therefore cannot be given literal effect under [this section]") with Ga. Code Ann. § 11-2-313 (same). Accordingly, the Court will apply New Jersey law.

The disclaimer is inoperative and cannot serve as the basis for dismissing Plaintiff's express and implied warranty claims.

Samsung also argues that Plaintiff's implied warranty of merchantability claim must be dismissed on the ground that Plaintiff has failed to allege that the defect rendered the Smartwatch unmerchantable. The Court disagrees.

The implied warranty of merchantability provides that "a merchant warrants that goods sold are fit for the ordinary purposes for which the goods are used." Nelson v. Nissan North America, Inc., 894 F. Supp. 2d 558, 566 (D.N.J. 2012).[9] To be merchantable, a good need not be "exactly as the buyer expected" but must "satisfy a minimum level of quality." Id. (citing Sheris v. Nissan N. Am., Inc., 2008 WL 2354908, at *6 (D.N.J. June 2, 2008)).

Samsung contends that Plaintiff—who describes the purpose of a Smartwatch as "independently functioning as a phone" and running applications including GPS, FAC ¶ 1, 14—does not allege that the Smartwatch is not fit for any of those purposes. But this argument ignores the central purpose of a smartwatch: to function as a mobile device capable of operating as a phone and running applications including GPS while lasting throughout the day, presumably all while attached to a person's wrist. A smartwatch that needs to be recharged every three to four hours is inherently not a mobile device and does not satisfy a minimum level of quality. Plaintiff has sufficiently pled his claim for breach of the implied warranty of merchantability and for breach of express warranty. Counts Four and Five may go forward.

**E. Unjust Enrichment (Count Six)**

---

[9] The parties agree that there is no conflict between New Jersey law and Georgia law on this issue. Compare N.J.S.A. § 12A:1-314(2)(c) (describing merchantable goods as those that are "fit for the ordinary purposes for which such goods are used") with Ga. Code Ann. § 11-2-314(c)(2) (same). Accordingly, the Court will apply New Jersey law.

13

Defendant moves to dismiss Plaintiff's unjust enrichment count on the ground that Plaintiff did not purchase the Smartwatch directly from Samsung. Plaintiff contends that there is no privity requirement under New Jersey law. The Court agrees with Samsung.

Defendant cites to nine cases[10] in this District which take the position that "[u]nder New Jersey law, an indirect purchaser cannot succeed on a claim for unjust enrichment." Weske v. Samsung Elecs. Am. Inc., No, 10-4811, 2012 WL 833003, at * 7 (D.N.J. Mar. 12, 2012).[11] In response, Plaintiff points to a single case, Stewart v. Beam Global Spirits & Wine, Inc., 877 F. Supp. 2d 192 (D.N.J. 2012), in which a plaintiff was permitted to bring an unjust enrichment claim against a manufacturer despite the fact that the plaintiff bought the product at issue from a third-party retailer. Id. at 201. However, the Stewart court acknowledged that the vast majority of courts in this district have come out the other way. Id. at 197. Indeed, courts in this district—both before and after Stewart—have overwhelmingly held that a manufacturer cannot be held liable for unjust enrichment if the plaintiff purchased the product at issue from a third-party.

---

[10] See Dimartino v. BMW of North America, LLC, No. 15-8447, 2016 WL 4260788, at *7 (D.N.J. Aug. 11, 2016) (dismissing unjust enrichment claim against a manufacturer by an indirect purchaser); Bedi v. BMW of North America, LLC, No. 15-1898, 2016 WL 324950, at *5-6 (same); Dzielak v. Whirlpool Corp., 120 F. Supp. 3d 409, 424 (D.N.J. 2015) (same); Spera v. Samsung Elecs. Am., Inc., No. 2:12-05412, 2014 WL 1334256, at *9 (D.N.J. Apr. 2, 2014) (same); Fishman v. Gen. Elec. Co., No. 12-585, 2013 WL 1845615, at *6 (D.N.J. Apr. 30, 2013) (same); Weske v. Samsung Elecs. Am. Inc., No. 10-4811, 2012 WL 833003, at * 7 (D.N.J. Mar. 12, 2012) (same); Snyder v. Farnam Co., Inc., 792 F. Supp. 2d 712, 724-25 (D.N.J. 2011) (same); Knox v. Samsung Elecs. Am., Inc., No. 08-4308, 2009 WL 1810728, at *4 (D.N.J. Jun. 25, 2009) (same); Cooper v. Samsung Elecs. Am., Inc., No. 07-3853, 2008 WL 4513924, at *10 (D.N.J. Sept. 30, 2008) (same).

[11] The parties agree that there is no conflict between New Jersey law and Georgia law on this issue. See, e.g., Knox v. Samsung Elecs. Am., Inc., No. 08-4308, 2009 WL 1810728, at *4 (D.N.J. Jun. 25, 2009) ("Both Georgia and New Jersey law require that a plaintiff confer a benefit on a defendant" to plead unjust enrichment.); see also Peterson v. Aaron's, Inc., No. 14-1919, 2015 WL 5479877 (N.D. Ga. Sept. 16, 2015) (dismissing unjust enrichment claim against franchisor where plaintiffs leased equipment from a franchisee and did not "provid[e] [any] direct benefit" to the defendant franchisor). Accordingly, the Court will apply New Jersey law.

See, e.g., Fishman v. General Elec. Co., No. 12-585, 2013 WL 1845615, at *6 (D.N.J. Apr. 30, 2013). The Court therefore follows the substantial majority of courts in this District in holding that a plaintiff cannot bring an unjust enrichment claim in the absence of a direct relationship between the parties. As there is no direct relationship between Plaintiff and Samsung, Plaintiff's unjust enrichment claim is dismissed.

## IV. CONCLUSION

For the reasons stated above, Defendant's motion to dismiss, ECF No. 38, is **GRANTED** as to Counts One and Six, and **DENIED** as to Counts Two, Three, Four, and Five. Plaintiff may replead Count One under Georgia law within thirty (30) days. An appropriate order accompanies this opinion.

**Dated: February 8, 2018**

                                          */s Madeline Cox Arleo*
                                          **Hon. Madeline Cox Arleo**
                                          **United States District Judge**