September 26, 2018

**VIA ELECTRONIC FILING (ECF)**

Hon. Leda D. Wettre, U.S.M.J.
United States District Court, District of New Jersey
M. L. King, Jr. Federal Courthouse
50 Walnut Street, MLK2A
Newark, New Jersey 07102

      Re: *David W. Noble v. Samsung Electronics America, Inc.*,
        – Civil Action No. 2:15-03713-MCA-LDW

Dear Magistrate Judge Wettre:

  Pursuant to Paragraph 2 of the Court's Amended Scheduling Order dated September 17, 2018 (Dkt. No. 91), the parties respectfully submit this joint letter summarizing the resolution of outstanding discovery disputes reached at the September 14, 2018 status conference.

  *First*, with respect to the parties' dispute regarding the information sought by Plaintiff's interrogatories number 8 and number 9, the upcoming deposition of Silviu Moraru will be re-noticed to include topics for testimony under Rule 30(b)(6) of the Federal Rules of Civil Procedure. These Rule 30(b)(6) topics addressing interrogatories number 8 and number 9 shall be without prejudice to Plaintiff's right to seek additional Rule 30(b)(6) testimony or to seek to compel additional answers to interrogatories number 8 and number 9, provided, however, that this resolution is without waiver of, or prejudice to, Defendant Samsung Electronics America, Inc.'s ("SEA") objections to those interrogatories.

  *Second*, with respect to consumer complaints regarding the Gear S battery life, scripts or talking points for handling those complaints and communications reflecting those complaints (including between SEA's employees and between SEA's employees and consumers), the parties have agreed that upon completing a reasonable, good faith investigation, SEA will confirm in writing to Plaintiff that it has produced all the responsive information in its possession, custody, or control that it could locate from sources likely to contain such information, except sources that are not reasonably accessible because of undue burden or cost. *See* Fed. R. Civ. P. 26(b)(2)(B). SEA will provide written explanations or other evidentiary support for any such assertion of burden or cost.

  *Third*, with respect to information regarding the testing of the Gear S battery life, the parties have agreed that upon completing a reasonable, good faith investigation, Defendant SEA will confirm in writing to Plaintiff that it has produced or will produce all the responsive information in its possession, custody, or control that it could locate from sources likely to contain such information, except sources that are not reasonably accessible because of undue burden or cost. *See* Fed. R. Civ. P. 26(b)(2)(B). SEA will provide written explanations or other evidentiary support for any such assertion of burden or cost. At this time, the Court is not ordering SEA to produce testing related to devices other than Gear S, without prejudice to

Plaintiff's ability to seek to compel such information by attempting to make a proper showing of relevance, and without waiver of, or prejudice to, SEA's objections to producing testing related to devices other than Gear S.

*Fourth*, with respect to the timing of discovery, the parties have agreed that SEA will produce documents on a rolling basis, with production occurring every Monday until all responsive, non-privileged documents from eight identified custodians have been produced in full. The parties agree to continue meeting and conferring about the progress of these rolling productions.

    Respectfully submitted,

    *s/ Joseph DePalma*

    Joseph DePalma

    *s/ S. Gale Dick*

    S. Gale Dick

    (admitted *pro hac vice*)

cc: All Counsel of Record (via email)